ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (2025-031)

| JAMILETTE MARIE PORTUONDO ALICEA, Peticionaria, v. JOSELINE ERAZO DE CASILLA; BRYAN GABRIEL PORTUONDO ERAZO, Recurrida. | TA2025CE00435 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: BY2021CV05098. Sobre: división o liquidación de la comunidad de bienes hereditarios. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de septiembre de 2025.

El 11 de septiembre de 2025, la parte peticionaria, señora Jamilette Marie Portuondo Alicea (señora Portuondo), instó este recurso discrecional de *certiorari* con el fin de que este Tribunal expida el auto y revoque la *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 22 de julio de 2025[1].

En síntesis, el foro primario denegó la petición de la señora Portuondo para que se ordenase a la Lcda. Annette Rivero Marín, abogada de la señora Joseline Erazo de Casilla (señora Erazo), la producción del expediente del caso de liquidación de herencia. *Véase*, nota al calce núm. 1, *infra.*

Conforme le fuese ordenado, el 22 de septiembre de 2025, la señora Erazo se opuso a la expedición del auto. Adujo que el expediente cuya producción solicita la señora Portuondo está protegido por el privilegio

---

[1] Esta orden acogió la solicitud de reconsideración presentada por la aquí recurrida, señora Joseline Erazo de Casilla (señora Erazo). Previamente, allá para el 10 de julio de 2025, el foro primario había autorizado, a solicitud de la señora Portuondo, cierto descubrimiento de prueba. **Se trataba de una orden dirigida a la abogada de la señora Erazo, Lcda. Annette Rivero Marín, para que esta última produjera el expediente que obraba en su poder, relacionado con las gestiones para las que había sido contratada por la señora Erazo para la liquidación de la herencia del causante**, señor Gilberto Portuondo Bayón.

abogada-clienta, reconocido en las Reglas de Evidencia de Puerto Rico; en particular, las Reglas 503 y 505 de las de Evidencia, 32 LPRA Ap. VI. Además, que operaba el privilegio del producto del trabajo de la abogada, conforme estatuido en la Regla 505(a)(2) de las de Evidencia, y recalcó que ella – la señora Erazo - tampoco había renunciado a tal privilegio, ni expresa ni implícitamente. *Véase*, Regla 517 de las de Evidencia. Por tanto, tal expediente estaba fuera del alcance del descubrimiento de prueba autorizado por la Regla 23.1(a) de las de Procedimiento Civil, 32 LPRA Ap. V.

Evaluada la petición de *certiorari* y la oposición a la misma, a la luz de los criterios esbozados en la Regla 40 del Reglamento de este Tribunal de Apelaciones, según enmendado, *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025), este Tribunal concluye que la parte peticionaria no pudo establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, resolvemos **denegar la expedición del auto de** ***certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones